IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOHN GODBOUT,               )
                            )
                Plaintiff,  )
                            )
vs.                         )          Case No. 18-00500-CV-W-ODS
                            )
KCPD BOARD OF POLICE        )
COMMISSIONERS, et al.,      )
                            )
                Defendants. )

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

        Pending is Defendants' Motion to Dismiss for Failure to State a Claim. Doc. #22.
For the following reasons, Defendants' motion is granted, and the matter is dismissed.


**I.      BACKGROUND**[1]

        In July 2018, John Godbout, proceeding pro se, filed a lawsuit against Kansas City,
Missouri Board of Police Commissioners ("KCBPC"); former Chief of Police Daryl Forte;
Deputy Chief David Zimmerman; Captain Timothy Gaughn; Sergeant Steven Stroder; and
Detective Brad Evans, alleging violations of his constitutional rights. Doc. #4, at 1. He
named the individual Defendants in their official and individual capacities. *Id.* at 2.

        Plaintiff was a police officer with the Kansas City, Missouri Police Department
("KCPD") from December 2013 to March 2016. *Id.* at 3. In July 2015, based upon
allegations that Plaintiff's ex-wife made during a custody proceeding, Gaughan ordered
Plaintiff not to contact his ex-wife. *Id.* According to Plaintiff, his ex-wife's allegations were
false. *Id.* In August 2015, Stroder reprimanded Plaintiff for sending a text message to his
ex-wife. *Id.* In September 2015, Stroder again reprimanded Plaintiff for contacting his ex-
wife. *Id.* On an unknown date, Evans informed Plaintiff's ex-wife that Plaintiff was not to
contact her for any reason, and if Plaintiff contacted her, she should contact Evans. *Id.*
Plaintiff contends Gaughn, Stroder, Evans, and "the entire chain of command" knew about
the court order requiring his ex-wife to make their children available for visitation. *Id.* at 4.

_____

[1] Unless otherwise noted, the information in this section is from Plaintiff's Complaint.

In March 2016, Plaintiff contacted a law firm in California, where his ex-wife resided, because he feared his ex-wife may claim he was abandoning their children by not contacting her pursuant to his employer's directive.  *Id.*  The attorney advised Plaintiff that his ex-wife could claim he was in contempt of the court order, and his visitation rights could be reduced or parental rights terminated.  *Id.*  That same month, Plaintiff resigned from KCPD "to end the inference from KCPD and to restore contact with his minor children."  *Id.* at 4, 6.  Plaintiff feared KCPD's alleged interference would continue to impede his visitation and parental rights if he did not resign.  *Id.* at 6.

After resigning from KCPD in March 2016, Plaintiff applied for several jobs without success.  *Id.* at 7.  In July 2016, Plaintiff was allowed to review his KCPD personnel file.  *Id.* at 7.  Therein, Plaintiff found a document stating his separation was to be described to employers as a "termination."  *Id.*  He discovered his positive performance reviews were no longer in his personnel file, and a memorandum indicated Plaintiff should be considered to have negative performance reviews.  *Id.* at 6-7.  Plaintiff also learned his personnel file contained other documents – e.g., juvenile record, medical information, and private communications – that should not have been included.  *Id.* at 7-10.  During a court hearing related to his visitation rights, Plaintiff became aware of an April 2016 email from Evans to Plaintiff's ex-wife, telling her to contact Plaintiff's potential employers and instruct them to contact Evans, who would verify the ex-wife's allegations and give Plaintiff a bad reference.  *Id.* at 9.

Upon resigning from KCPD, Plaintiff contacted his ex-wife to make arrangements to speak with their children.  *Id.* at 4.  His ex-wife told him to "do what the police tell you and stop contacting us."  *Id.*  In July 2016, Plaintiff sought to modify his visitation and custody rights in California state court.  *Id.*  During a court hearing, Plaintiff's ex-wife claimed he chose not to speak with their children.  *Id.*  Plaintiff could not show he contacted his children, other than the two attempts for which he had been disciplined by KCPD.  *Id.* at 4, 6.  The California state court found Plaintiff's lack of contact was voluntary, and due to the "significant change in circumstances," the court reduced Plaintiff's visitation to two days per week (rather than nightly visitation).  *Id.* at 6.

Plaintiff's Complaint sets forth three counts:  (1) deprivation of parental rights, (2) deprivation of due process, and (3) failure to train and supervise.  Doc. #4, at 11-15.

Plaintiff brings his lawsuit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1985.  *Id.* at 1.[2]
Plaintiff also hints at possible state law claims.  Defendants moved to dismiss Plaintiff's
lawsuit, arguing he failed to state a claim upon which relief may be granted.  Doc. #22.
Plaintiff did not respond to Defendants' motion, and the Court directed him to show cause
why the motion should not be granted.  Doc. #24.  Plaintiff responded to the Court's Order,
opposing Defendants' motion, and requesting leave to amend his Complaint.  Doc. #25.
Defendants filed their reply, opposing Plaintiff's request for leave to amend.  Doc. #26.[3]

## II.  DISCUSSION

### A.  Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint in its entirety because he fails to
state a claim upon which relief may be granted.  The liberal pleading standard created by
the Federal Rules of Civil Procedure requires "a short and plain statement of the claim
showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
(per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the
statement need only 'give the defendant fair notice of what the…claim is and the grounds
upon which it rests.'"  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
When considering a motion to dismiss, the Court "must accept as true all of the
complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]."
*Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible on its face.
> A claim has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged.  The plausibility standard is not akin to a
> probability requirement, but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that are
> merely consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.

---

[2] Plaintiff also brings his lawsuit pursuant to 42 U.S.C. § 1988, but section 1988 does not
provide an independent basis for a cause of action.  42 U.S.C. § 1988; *Walls v. City of
Bridgeton*, No. 4:08CV927 HEA, 2008 WL 5233054, at *4 (E.D. Mo. Dec. 11, 2008).
[3] Defendants also moved to strike Plaintiff's response because he failed to comply with the
Federal Rules of Civil Procedure: he did not sign it, and did not include a certificate of
service.  Doc. #26, at 1-2.  Defendants' request is denied.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows a reasonable inference that the defendant is liable for the conduct alleged. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). While a pro se complaint should be given liberal construction, the essence of an allegation must be discernible, and the complaint should state a claim as a matter of law. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted); *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (citation omitted).

### (1) Claims Against KCBPC

Defendants argue Plaintiff has failed to state a claim against KCBPC because it is not a suable entity. The capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In *Edwards v. Baer,* the Eighth Circuit held a plaintiff did not state a claim against the St. Louis Board of Police Commissioners because a police board was not a suable entity. 863 F.2d 606, 609 (8th Cir. 1988); *Walker v. Kan. City Police Dep't,* Case No. 09-CV-583-FJG 2010 WL 2720720, at *3 (W.D. Mo. July 6, 2010). Claims against a police board must be brought against the members of the board acting in their official capacities. *Id.* But Plaintiff has not alleged claims against KCBPC's members acting in their official capacities. Because KCBPC is not a suable entity, Defendants' motion to dismiss Plaintiff's claims against KCBPC is granted.

### (2) Alleged Deprivation of Parental Rights

Plaintiff alleges Defendants in their official capacities[4] violated section 1983 by (1) "issuing an indefinite directive to not contact his ex-wife," (2) instructing his ex-wife that she did not have to obey the California state court order, and (3) "act[ing] and establish[ing] a

---

[4] Plaintiff's claims against Defendants in their individual capacities are addressed *infra.*

*de facto* court order." Doc. #4, at 11. Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent." *Ky. v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). To establish liability, Plaintiff must show the official took an action pursuant to an unconstitutional governmental policy or custom, or the official "possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (citations omitted). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694-95.

Plaintiff concedes Defendants did "not have any authority or jurisdiction as they [are] not officers of the Monterey County Count." Doc. #25, at 6.[5] With this concession, Plaintiff's official-capacity claims can only be based upon an unconstitutional governmental policy or custom. Plaintiff, however, does not allege there was an unconstitutional policy or custom, and he does not allege Defendants took action pursuant to an unconstitutional policy or custom. He also does not allege – and with his concession, cannot allege – Defendants were personally involved in or directly responsible for the California state court's decision to his visitation rights. Plaintiff has not pleaded sufficient facts allowing this Court to draw a reasonable inference that the individual Defendants took an action against him pursuant to an unconstitutional policy or custom. *Iqbal*, 556 U.S. at 678; *Nix*, 879 F.2d at 433. Accordingly, Defendants' motion to dismiss Plaintiff's claims of deprivation of parental rights against Defendants in their official capacities is granted.

Plaintiff's Complaint also appears to allege a section 1983[6] conspiracy claim: Defendants "conspired, acted pursuant to a joint venture, and acted in concert with one another…." Doc. #4, at 2. To establish a section 1983 conspiracy claim, Plaintiff must show (1) the defendant conspired with others to deprive him of constitutional rights; (2) at

---

[5] Even if he had not conceded this point, Plaintiff does not allege Defendants had final authority over rights associated with the custody or visitation of his children. Thus, Plaintiff fails to state a claim under section 1983 under this premise as well.

[6] Although not mentioned elsewhere in the Complaint, Plaintiff opens his Complaint by stating he is also bring claims pursuant section 1985. Doc. #4, at 1. If Plaintiff is attempting to bring a section 1985(3) claim, it fails for the same reason his section 1983 conspiracy claim fails, and is dismissed. *See Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996); 42 U.S.C. § 1985(3).

least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). A conspiracy claim also "requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). To the extent he is attempting to bring a section 1983 conspiracy claim, Plaintiff fails to allege the facts necessary to establish such a claim, and therefore, this claim is dismissed.

### (3) Alleged Due Process Violations[7]

#### (a) Procedural Due Process

To establish a violation of procedural due process under section 1983, Plaintiff must show he has been "deprived of a constitutionally protected life, liberty or property interest" by a defendant acting under color of state law. *Mulvenon v. Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011) (citation omitted). Plaintiff alleges Defendants Zimmerman and Forte violated his due process by classifying his employment separation as a termination in his personnel file, and placing "personal, irrelevant and often false information and communication[s]" in his personal file. Doc. #4, at 12-13.

With regard to his separation from employment being classified as terminated, Plaintiff contends he was denied due process because Defendants did not comply with Missouri statutes related to the involuntary dismissal of police officers. But Plaintiff admits he resigned from his employment. Doc. #4, at 4. The statutes, which only pertain to police officers "subject to discharge or removal," are not applicable. Accordingly, Plaintiff was not owed due process under the statutes.

Plaintiff alleges his rights were impeded when Defendants purportedly included false documents and information in his personnel file. Doc. #4, at 13. Plaintiff, however, does not assert a statutory or constitutional provision entitling him to have negative or

---

[7] When responding to the motion to dismiss, Plaintiff seems to expand his due process claims to include working uniformed off-duty for a school district, being placed on limited duty, and an investigation taking too long. Doc. #25, at 7. It is impermissible to expand or amend allegations in the complaint when responding to a motion to dismiss. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citations omitted). Even if the additional allegations were considered, they are insufficient to survive a motion to dismiss for the same reasons as the other due process claims.

allegedly false information removed from his personnel file simply because he disagrees with or disputes the content.  As such, Plaintiff fails to state a claim upon which relief may be granted based upon his personnel file contents.

### (b) Substantive Due Process

If he is attempting to bring a substantive due process claim, Plaintiff fails to state a claim upon which relief may be granted.  To establish a substantive due process violation claim, Plaintiff must show "evidence of a constitutionally protected property interest and that [governmental] officials used their power in such an arbitrary and oppressive way that it shocks the conscience."  *Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017) (citations and internal quotations omitted).  "The theory of substantive due process…is properly reserved for truly egregious and extraordinary cases."  *Id.* (citation and internal quotations omitted).  At a minimum, Plaintiff has not alleged facts showing Defendants used their power in an arbitrary and oppressive way that shocks the conscience.  Thus, Plaintiff fails to state a claim upon which relief may be granted.

### (4) Alleged Failure to Train and Supervise

Plaintiff alleges he was denied due process because KCBPC[8] failed to adequately train and supervise Forte and enact and enforce proper policies.  Doc. #4, at 13-15. Plaintiff's allegations are based in negligence.  But due process is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original).  "Even allegations of gross negligence [do] not rise to the level of a constitutional violation." *Wilson v. Lawrence Cty.*, 260 F.3d 946, 955 (8th Cir. 2001).  Because negligence alone does not support a section 1983 due process claim, Plaintiff fails to state a claim based upon failure to train and supervise.

---

[8] Count Three alleges KCBPC is liable for failing to train and supervise.  Doc. #4, at 13-15. As discussed *supra*, Plaintiff's claims against KCBPC have been dismissed because it is not a suable entity.  Nevertheless, the Court will address Count Three to the extent the individual Defendants were implicated.

### (5) Qualified Immunity

Defendants Forte, Zimmerman, Gaughan, Stroder, and Evans move to dismiss Plaintiff's claims against them in their individual capacities because they are entitled to qualified immunity. Plaintiff argues quality immunity does not apply because "there is a clear violation of established law." Doc. #25, at 8. Plaintiff identifies the following acts as violations of established law: (1) listing Plaintiff's separation from employment as "terminated" in his personnel file, (2) ordering Plaintiff not to contact his ex-wife, and (3) including or not removing false and/or personal information from his personnel file. *Id.*

"Qualified immunity protects public officials from § 1983 damage actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanley v. Finnegan*, 899 F.3d 623, 626-27 (8th Cir. 2018) (citations omitted). When determining whether a defendant is entitled to dismissal based upon qualified immunity, the court must consider "(1) whether the official's conduct violated a constitutional right; and (2) whether the violated right was clearly established." *Id.* at 627 (citing *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017)). The Court has the discretion to decide which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, the Court addresses the second prong and concludes the rights asserted in were not clearly established at the time of the alleged misconduct.

Plaintiff does not identify legal authority clearly establishing a constitutional or statutory right related to his personnel file's content or contact with his ex-wife. Rather, he argues qualified immunity does not apply because Defendants' acts were ministerial. Doc. #25, at 8. The exception to qualified immunity for "ministerial" functions is "quite narrow." *Sellers v. Baer*, 28 F.3d 895, 902 (8th Cir. 1994). "[A] duty is 'ministerial' only where the statute or regulation leaves no room for discretion – that is, 'specif[ies] the precise action that the official must take in each instance.'" *Id.* (quoting *Davis v. Scherer,* 468 U.S. 183, 196 n.14 (1984)). The exception "applies only where it is the violation of the ministerial duty that gives rise to the cause of action for damages." *Id.* (citing *Davis*, 468 U.S. at 194 n.12). Plaintiff, however, does not identify the statute or regulation Defendants were required to follow, and the Court was unable to find such a statute or regulation. Accordingly, the ministerial exception to qualified immunity does not apply. Defendants' motion to dismiss Plaintiff's individual-capacity claims is granted.

## B. **Plaintiff's Request to Amend His Complaint**

When responding to Defendants' motion to dismiss, Plaintiff asks for leave to amend his complaint to "include additional counts, such as intrusion upon seclusion and possibly others to address specific misinformation in the personnel file…[and] research more relevant case law in regard to the counts already listed." Doc. #25, at 8-9. Unfortunately, Plaintiff failed to attach his proposed amended complaint to his request for leave, as required by Local Rule 15.1(a)(2). His failure to provide include his proposed amended complaint makes it difficult for the Court to properly consider his request. Nonetheless, the Court considers Plaintiff's request as one for leave to amend his Complaint to include tort claims against the individual Defendants.

The Federal Rules of Civil Procedure state the Court "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a). However, the Court may deny leave to amend when, for example, the proposed amendment would be futile. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quotations omitted). A proposed amendment is futile when the "court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)…." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Here, futility justifies denial of Plaintiff's request.

It appears Plaintiff intends to allege tort claims against the individual Defendants, and assert similar (if not the same) facts in his Complaint to support said claims. The doctrine of official immunity would likely protect the individual Defendants from liability. "Official immunity protects public officials from liability for alleged acts of ordinary negligence committed during the course of their official duties for the performance of discretionary acts." *Davis v. Lambert–St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006). "[O]fficial immunity does not apply to discretionary acts done in bad faith or with malice." *Wealot v. Brooks*, 865 F.3d 1119, 1129 (8th Cir. 2017) (quoting *Blue v. Harrah's N. Kan. City, LLC*, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005)). "A finding of malice requires 'conduct which is so reckless or wantonly and willfully in disregard of one's rights that a trier of fact could infer from such conduct bad faith or any improper or wrongful motive." *Id.* (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986)). Plaintiff has not alleged (or indicated) why official immunity would not apply here.

Additionally, Plaintiff does not set forth sufficient facts (in his Complaint or in response to Defendants' motion) to state an invasion of privacy claim against the individual Defendants. *See Nemani v. St. Louis Univ.,* 33 S.W.3d 184, 185 (Mo. banc 2000) (noting there are four causes of action for invasion of privacy); *Sofka v. Thal*, 662 S.W.2d 502, 510 (Mo. 1983) (holding a claim for intrusion upon seclusion of another "is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.") (citation omitted). And he fails to set forth sufficient facts (in his Complaint or in his response to Defendants' motion) to state a defamation claim against the individual Defendants. *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 317 (Mo. banc 1993) (finding a claim alleging untrue statements causing injury to one's reputation is brought as an action for defamation); *see also Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319, 323 (Mo. Ct. App. 2008) (setting forth the elements of a false light invasion of privacy claim). Thus, Plaintiff's tort claims would not survive a Rule 12(b)(6) motion to dismiss. For these reasons, the Court denies Plaintiff's request to amend his Complaint.

### III.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss, denies Plaintiff's request to amend his Complaint, and dismisses this matter.

IT IS SO ORDERED.


DATE: February 27, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT